IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JELANI COOPER,** | : | **Civil No. 1:19-CV-2230** |
| Plaintiff, | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA HUMAN RELATIONS COMMISSION,** | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### I. Factual and Procedural Background

This case comes before us for resolution of a discovery dispute which is embodied in a motion to compel filed by the plaintiff, Jelani Cooper. (Doc. 35). Briefly, the pertinent facts are as follows: The plaintiff, Jelani Cooper, was formerly employed as an attorney by the Pennsylvania Human Relations Commission (PHRC). (Doc. 1, at 4). Cooper had previously raised EEO concerns with the PHRC which were addressed through mediation and a settlement agreement. (Id. at 13). In the wake of this settlement Cooper alleges that he faced an on-going hostile workplace and was retaliated against by the PHRC for his assertion of his rights under federal law. (Id., at 27-28). Cooper's complaint also brings pendent state law

whistleblower claims. (Id., at 29). These claims are the subject of a pending motion for summary judgment. (Doc. 28).

It is against this backdrop that Cooper has filed a motion to compel further discovery. (Doc. 35). As we understand it, the principal issues raised in this motion relate to Cooper's demand for disclosure of ten years' worth of records relating to other EEO complaints that may have been filed against the PHRC, along with his demands for copies of various speakers' contracts and a diversity agreement relating to the Reading School District. With respect to Cooper's request for other EEO complaints, the defendant has provided a spreadsheet identifying cases involving the PHRC for a five-year period. As for Cooper's requests for various speakers' contracts and the Reading School District diversity agreement, the defendants objected to these disclosures, noting that the requested material was not related to Cooper's claims, but rather seemed premised upon some generalized concerns relating to misuse of public funds.

This motion is fully briefed and is, therefore, ripe for resolution. For the reasons set forth below, the motion will be denied.

## II.   Discussion

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion.

Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . ., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery and provides as follows:

> (b) Discovery Scope and Limits.
>
> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

3

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

Thus, our discretion is limited in a number of significant ways by the scope of Rule 26 itself, which provides for discovery of only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, "[t]he Court's discretion in ruling on discovery issues is . . . restricted to valid claims of relevance and privilege." Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (W.D. Pa. Sept. 7, 2016) (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("Although the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits....Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

Accordingly, at the outset it is clear that Rule 26's definition of that which can be obtained through discovery reaches any nonprivileged matter that is relevant to any party's claim or defense, and valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the

4

scope of discovery permitted by Rule 26 embraces all relevant information, a concept which is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rather, Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This concept of relevance is tempered, however, by principles of proportionality. Thus, we are now enjoined to also consider whether the specific discovery sought is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Thus, it has been said that the amended rule 'restores the proportionality factors to their original place in defining the scope of discovery.'" Fassett v. Sears Holdings Corp., 319 F.R.D. 143, 150 (M.D. Pa. 2017) (quoting Wertz v. GEA Heat Exchangers Inc., No. 1:14-CV-1991, 2015 WL 8959408, at *2 (M.D. Pa. Dec. 16, 2015)).

Viewing this discovery dispute as one that essentially entails an assessment of issues of relevance and proportionality, we find that the defendant's disclosure of information identifying other EEO complaints made against the PHRC during the five-year timeframe embraced by Cooper's complaint was both relevant and

5

proportional to the needs of the parties. Determining the temporal scope of discovery rests in the sound discretion of the court. See McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 193 (M.D. Pa. 2011). Here the scope of the defendant's disclosures parallels the timeframe set forth in the complaint, and in our view provides Cooper with adequate discovery to pursue any claims of a pattern of related EEO violations by the defendant. Therefore, we will limit the scope of these disclosures to the pertinent time period set forth by Cooper in his complaint and will not compel the production of a decade's worth of information. See R.D. v. Shohola Camp Ground & Resort, No. 3:16-CV-1056, 2017 WL 1550034, at *2 (M.D. Pa. May 1, 2017).

As for Cooper's requests for various speakers' contracts and the Reading School District diversity agreement, beyond Cooper's generalized concern regarding misuse of public funds at the PHRC we are unable to discern what relevance these documents have to the specific claims made by Cooper in this case. Therefore, the motion to compel production of this information will be denied.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JELANI COOPER,** | : | Civil No. 1:19-CV-2230 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA HUMAN** | : | |
| **RELATIONS COMMISSION,** | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

AND NOW, this 6th day of October 2021, in accordance with the accompanying Memorandum, IT IS ORDERED that the plaintiff's motion to compel (Doc. 35)," is DENIED.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge