## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JELANI T. COOPER,** | : | **Civil No. 1:19-CV-2230** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA HUMAN** | : | |
| **RELATIONS COMMISSION** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Factual Background

This workplace discrimination case has been lodged against the Pennsylvania Human Relations Commission (PHRC) by an attorney formerly employed by that agency, Jelani Cooper. In his complaint Cooper asserts that his termination from the Commission in 2019 by the current PHRC executive director, Chad Dion Lassiter, was in retaliation for Cooper's complaints that the PHRC failed to comply with the terms of a previously settled EEOC complaint of race discrimination brought by Mr. Cooper. In opposition to Cooper's claim of retaliation, the PHRC argues Cooper was fired for multiple IT violations, including emails in which the plaintiff referred to the executive director as "unhinged" and the PHRC as a "mini-mafia" as well as an

allegedly inappropriate picture Cooper sent to his personal email address from his Commonwealth email address.

Cooper has filed a motion *in limine* seeking to exclude all evidence resulting from the PHRC's search of his emails including, presumably, evidence of these emails the PHRC purports resulted in his termination. (Doc. 84). According to Cooper, introduction of this evidence is improper because: (1) its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury; and (2) the search of Cooper's computer was not justified or limited in scope under the Fourth Amendment. This motion is fully briefed and is, therefore, ripe for resolution.

For the reasons set forth below, the plaintiff's motion *in limine* is denied.

## II. <u>Discussion</u>

In considering the admissibility of the evidence resulting from the search of the plaintiff's email, we note that the Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial.  <u>See</u> <u>Luce v. United States</u>, 469 U.S. 38, 41 n.4 (1984); <u>In re Japanese Elec. Prods. Antitrust Litig.</u>, 723 F.2d 238, 260 (3d Cir. 1983), <u>rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary

issues "in appropriate cases").   Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence.   United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988).   Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."   Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). However, courts should be careful before doing so.

In considering motions *in limine*, which call upon the Court to engage in preliminary evidentiary rulings, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.'" Abrams v. Lightolier Inc. 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); see Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). Yet, while these decisions regarding the exclusion of evidence rest in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion, the exercise of that discretion is guided by certain basic principles.

One of the key guiding principles is reflected in the philosophy which shapes

the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. The inclusionary quality of the rules is embodied in three cardinal concepts. The first of these concepts is Rule 401's definition of relevant evidence. Rule 401 defines what is relevant in an expansive fashion, stating, "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Adopting this view of relevance, it has been held that:

> Under [Rule] 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [Therefore] "[i]t follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant."

Frank v. County of Hudson, 924 F.Supp. 620, 626 (D.N.J. 1996) (citing Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir.1994)) (quotations omitted).

This quality of inclusion embraced by the Federal Rules of Evidence is further buttressed by Rule 402, which generally defines the admissibility of relevant evidence in sweeping terms, providing that, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of

Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Thus, Rule 402 expressly provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir.1996) (citations omitted).

Beyond these threshold considerations of relevance and admissibility, Rule 403 of the Federal Rules of Evidence also provides for the exclusion of some potentially relevant but highly prejudicial evidence, stating that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. By permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, Rule 403 underscores the principle that, while evidentiary rulings rest in the sound discretion of the court, that discretion should consistently be exercised in a fashion which favors the admission of relevant proof unless the relevance of that proof is substantially outweighed by some other factors which caution against admission.

With respect to this balancing of probative value and prejudicial impact commanded by Rule 403, although evidence may be excluded pursuant to Rule 403 prior to trial, the Third Circuit has cautioned that "pretrial Rule 403 exclusions should rarely be granted. . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also, Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage...."). Moreover, the Third Circuit has characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859.

Upon consideration of these issues of relevance and potential for prejudice, and mindful of the Third Circuit's cautious approach to Rule 403 challenges, we find that plaintiff's motion to wholly exclude evidence resulting from the search of his email by the PHRC should be denied. At the outset, the evidence resulting from the PHRC's search of Cooper's emails is clearly relevant and probative of the defendant's purported reasoning for Cooper's termination. As the defendant points

6

out, the emails resulting from the search form the basis of its defense; that it had a legitimate, nonretaliatory reason for Cooper's termination.   Further, the plaintiff has provided no compelling reason why the defendants should be barred from providing essentially any proof of the proffered reason for Cooper's termination due to unfair prejudice. To the extent that the plaintiff argues the evidence is unduly prejudicial because is offered in opposition to his claim that he was retaliated against, "Rule 403 bars  not  all prejudice,  but  only *unfair* prejudice." <u>United  States  v. Heatherly</u>, 985 F.3d 254, 266 (3d Cir. 2021) (citing <u>United States v. Bergrin</u>, 682 F.3d 261, 279 (3d Cir. 2012)). Further, the plaintiff's argument that the defendant's characterization of his emails is misleading or confusing is a credibility determination best left to the province of the jury and does not justify a wholesale preclusion of the PHRC's defense pre-trial.

We also find Cooper's argument that the emails are inadmissible as the "fruits of the poisonous computer search" to be unavailing. Although the Third Circuit has reiterated, "the touchstone of Fourth Amendment analysis is whether a person has a constitutionally protected reasonable expectation of privacy," <u>Walker v. Coffey</u>, 905 F.3d 138, 144 (3d Cir. 2018) (quoting <u>California v. Ciraolo</u>, 476 U.S. 207, 211, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986) (internal quotations omitted), it has declined to find that similar plaintiffs "enjoyed a clearly established right to privacy in the

content of [ ] work emails." <u>Id.</u> at 148. On this score:

> The Supreme Court has recognized that employees may be entitled to a reasonable expectation of privacy in the contents of documents stored in the workplace, both in the private and public sectors. At the same time, public employers remain free to conduct a warrantless search of an employee's files or communications if the search is "conducted for a 'noninvestigatory, work-related purpos[e]' or for the 'investigatio[n] of work-related misconduct.'" This rule is consistent with the nature of an employer-employee relationship and reflects an understanding that, although employees may have certain privacy interests in their work-related documents and communications vis-à-vis outsiders, their privacy interests vis-à-vis their employer are far more circumscribed.

<u>Id.</u> Further, as the defendant points out, the PHRC's IT policy explicitly states that the e-mail is subject to monitoring. Thus, if the plaintiff had a subjective expectation of privacy as to his work email account, it was objectively unreasonable based upon this clearly articulated company policy.

Having found the plaintiff's arguments in support of precluding evidence of his emails pre-trial unavailing, the motion *in limine* is denied.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JELANI T. COOPER,** | : | **Civil No. 1:19-CV-2230** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA HUMAN** | : | |
| **RELATIONS COMMISSION** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

For the reasons set forth in the accompanying Memorandum Opinion, with respect to the Plaintiff's Motion *In Limine* which seeks the exclusion of an all evidence resulting from the PHRC's search of his emails, (Doc. 84), IT IS ORDERED that the motion is DENIED.


*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated:   August 16, 2022