# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JELANI T. COOPER,** | : | Civil No. 1:19-CV-2230 |
| Plaintiff, | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **PENNSYLVANIA HUMAN RELATIONS COMMISSION** | : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

### I.  Factual Background

This workplace discrimination case has been lodged against the Pennsylvania Human Relations Commission (PHRC) by an attorney formerly employed by that agency. In his complaint, the plaintiff, Jelani Cooper, claims that his former employer engaged in a campaign of race-based discrimination that led to a hostile work environment throughout his tenure with the organization. According to Cooper, the hostile work environment based on race discrimination started in 2016 and continued through the administrations of two executive directors, culminating in his allegedly retaliatory firing in 2019 by the current PHRC executive director, Chad Dion Lassiter. Cooper's race discrimination claims were previously raised

1

with the EEOC and settled pursuant to an agreement that PHRC create a diversity committee. Cooper alleges he was terminated in retaliation for complaining about the alleged failure of PHRC to comply with the terms of this settlement agreement. Cooper's hostile work environment and state law whistleblower claims were dismissed on summary judgment, with only this retaliation claim moving forward to trial.

The PHRC has now filed a motion *in limine* seeking to exclude any evidence that pertains to claims that have been dismissed in this litigation, specifically the hostile work environment claim under Title VII and the state-law whistleblower claim. (Doc. 89). According to the PHRC, because these claims have been dismissed, any evidenced related to the claims is not relevant. The PHRC also argues that the probative value of such evidence is substantially outweighed by the prejudicial effect and the danger that it would confuse and mislead the jury, cause undue delay, and waste time. This motion is fully briefed and is, therefore, ripe for resolution.

For the reasons set forth below, the plaintiff's motion *in limine* is granted in part, without prejudice to the plaintiff making a specific offer of proof as to the admissibility of such evidence at trial.

## II.     **Discussion**

In considering the admissibility of the evidence of these previously dismissed claims, we note that the Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial.  See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases").  Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988).   Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."  Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). However, courts should be careful before doing so.

In considering motions *in limine* that call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion.... Additionally, application of the balancing test under Federal Rule of

Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.'" Abrams v. Lightolier Inc., 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); see Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). One of the key guiding principles governing the exercise of this discretion is reflected in the philosophy that shapes the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. Adopting this broad view of relevance, it has been held that

> Under [Rule] 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [Therefore] "[i]t follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant."

Frank v. Cnty. of Hudson, 924 F. Supp. 620, 626 (D.N.J. 1996) (citing Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir. 1994) (quotations omitted)). Rule 402 of the Federal Rules of Evidence, in turn, provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir. 1996) (citations omitted).

This principle is then tempered by Rule 403 of the Federal Rules of Evidence

4

which sets legal grounds for exclusion of some evidence, stating that:

> Although relevant, evidence may be excluded if its probative value **is** substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

These broad principles also shape and define the scope of this Court's discretion in addressing motions *in limine* like those filed here, which invite us pre-trial to rule that evidence relating to claims that have been dismissed should be excluded at trial. Reasoning that evidence regarding dismissed claims that have failed as a matter of law typically has little relevance, courts have often excluded evidence of dismissed claims from trial. See, e.g., Branch v. Brennan, No. 2:17-CV-00777, 2019 WL 3892850, at *2 (W.D. Pa. Aug. 19, 2019); Brown v. Johnson & Johnson, No. CV 12-4929, 2015 WL 12834346, at *2 (E.D. Pa. Aug. 28, 2015); Moore v. Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ., No. CV 02-1734, 2005 WL 8165154, at *4 (W.D. Pa. Mar. 11, 2005); Devine v. Pittsburgh Bd. of Pub. Educ., No. 2:13-CV-220, 2015 WL 7301149, at *4 (W.D. Pa. Nov. 18, 2015). However, those courts that have excluded this evidence often have done so without prejudice to the plaintiff presenting some specific and narrowly-tailored offer of proof as to the relevance and admissibility of particular evidence. Id.

Guided by these principles, we turn to consideration of the instant motion *in limine.* In this case, the plaintiff argues that some evidence concerning the previously dismissed hostile work environment claim is still relevant to his sole remaining claim, a Title VII retaliation claim. The plaintiff asserts that evidence regarding the plaintiff's working conditions and underlying reasons he filed a discrimination complaint with the EEOC are relevant to the jury's understanding of the case. (Doc. 104, at 3). Indeed, the proffered evidence proposed by Cooper highlights the potential for unfair prejudice, confusion of issues, and undue delay which Rule 403 forbids. In his response to this motion *in limine* Cooper suggests that he would like to present a 2016 article from the Philadelphia Inquirer, a press declaration from the former auditor general of Pennsylvania calling for the resignation of PHRC officials, and matters involving an unrelated PHRC settlement with the Reading School District as evidence in this wrongful discharge case. These matters are far afield from the precise issues the jury must decide in this case; namely, the question of whether Cooper was fired by the PHRC in 2019 in retaliation for his filing a complaint with the EEOC and protesting the failure to implement specific terms of a settlement agreement between the plaintiff and the PHRC that was mediated by the EEOC. The presentation of this evidence concerning these unrelated matters is potentially prejudicial, confuses the issues at trial, and would

result in undue delay as the parties litigated collateral matters that are not directly related to Cooper's retaliatory discharge claim. Further, allowing plaintiff to offer evidence of claims he has failed to prove as a matter of law to bolster his remaining claim, without providing a tailored offer of proof for the precise relevance of such evidence, would be contrary to the well settled standard that evidence regarding claims that have failed as a matter of law typically have little relevance.

      Accordingly, consistent with caselaw governing the exercise of discretion in this field, this motion *in limine* will be granted without prejudice to the plaintiff making specific offers of proof as to the relevance of evidence relating to previously dismissed claims during the course of the trial.

      By adopting this course, we avoid the concerns that justify motions *in limine*, excluding unfairly prejudicial, confusing, cumulative or irrelevant evidence, Romano, 849 F.2d at 815, and "narrow[ing] the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley, 913 F.2d at 1069 (citation omitted). Yet following this course does not absolutely preclude the plaintiff from presenting specific evidence if he can first demonstrate its relevance through an offer of proof.

      An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JELANI T. COOPER,** : | Civil No. 1:19-CV-2230 |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA HUMAN** : | |
| **RELATIONS COMMISSION** : | |
| : | |
| **Defendant.** : | |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, with respect to the Plaintiff's Motion *In Limine* which seeks the exclusion of any evidence that pertains to claims that have been dismissed in this litigation, (Doc. 89), IT IS ORDERED that the motion is GRANTED without prejudice to the plaintiff making specific offers of proof as to the relevance of evidence relating to previously dismissed claims during the course of the trial. IT IS FURTHER ORDERED that the plaintiff's pleading, styled as a Motion in Opposition to this motion *in limine* (Doc. 104), is DENIED.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated:   August 16, 2022