**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JELANI T. COOPER,** | : | **Civil No. 1:19-CV-2230** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA HUMAN** | : | |
| **RELATIONS COMMISSION** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION AND ORDER

I.     **Factual Background**

This workplace discrimination case has been lodged against the Pennsylvania Human Relations Commission (PHRC) by an attorney formerly employed by that agency, Jelani Cooper. In his complaint Cooper asserts that his termination from the Commission in 2019 by the current PHRC executive director, Chad Dion Lassiter, was in retaliation for Cooper's complaints that the PHRC failed to comply with the terms of a previously settled EEOC complaint of race discrimination brought by Mr. Cooper. In opposition to Cooper's claim of discrimination, the PHRC argues Cooper was fired for multiple IT violations, including the February 20, 2019 email and other subsequent emails in which the plaintiff referred to the executive director as

"unhinged" and the PHRC as a "mini-mafia." They also allege he was terminated for sending an inappropriate picture to his personal email address from his Commonwealth email address.

On April 30, 2021, the plaintiff filed a motion to compel discovery, demanding, among other things, disclosure of ten years' worth of records relating to other EEO complaints that may have been filed against the PHRC, along with copies of various speakers' contracts and a diversity agreement relating to the Reading School District. (Doc. 35). We denied the plaintiff's motion, noting that the defendant had disclosed all EEO complaints made during the five-year timeframe embraced by Cooper's complaint, providing Cooper with adequate discovery to pursue any claims of a pattern of related EEO violations by the PHRC. (Doc. 57). We also noted that the requests for various speakers' contracts and a diversity agreement relating to the Reading School District were not relevant to Cooper's claims. (Id.)

The PHRC has now filed a motion *in limine* seeking to exclude any testimony related to the information requested in the plaintiff's motion to compel. (Doc. 87). According to the PHRC, introduction of this evidence is improper because it is not relevant to the sole remaining retaliation claim and has no probative value. This motion is fully briefed and is, therefore, ripe for resolution.

2

For the reasons set forth below, the plaintiff's motion *in limine* is granted without prejudice to the plaintiff making a specific offer of proof at trial as to why such evidence is admissible.

## II.   <u>Discussion</u>

In considering the admissibility of testimony or references to other EEO complaints that may have been filed against the PHRC outside the five-year timeframe embraced by Cooper's complaint and copies of various speakers' contracts and a diversity agreement relating to the Reading School District, we note that the Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. <u>See</u> <u>Luce v. United States</u>, 469 U.S. 38, 41 n.4 (1984); <u>In re Japanese Elec. Prods.</u> <u>Antitrust Litig.</u>, 723 F.2d 238, 260 (3d Cir. 1983), <u>rev'd on other grounds sub nom.</u>, <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence.   <u>United States v. Romano</u>, 849 F.2d 812, 815 (3d Cir. 1988).   Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." <u>Bradley v. Pittsburgh Bd. of Educ.</u>, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation

omitted). However, courts should be careful before doing so.

In considering motions *in limine* that call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion.... Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.'" Abrams v. Lightolier Inc., 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); see Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). One of the key guiding principles governing the exercise of this discretion is reflected in the philosophy that shapes the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. Adopting this broad view of relevance, it has been held that

> Under [Rule] 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [Therefore] "[i]t follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant."

<u>Frank v. Cnty. of Hudson</u>, 924 F. Supp. 620, 626 (D.N.J. 1996) (citing <u>Spain v.</u>
<u>Gallegos</u>, 26 F.3d 439, 452 (3d Cir. 1994) (quotations omitted)). Rule 402 of the
Federal Rules of Evidence, in turn, provides that all "[r]elevant evidence will be
admissible unless the rules of evidence provide to the contrary." <u>United States</u>
<u>v. Sriyuth</u>, 98 F.3d 739, 745 (3d Cir. 1996) (citations omitted).

This principle is then tempered by Rule 403 of the Federal Rules of Evidence
which sets legal grounds for exclusion of some evidence, stating that:

> Although relevant, evidence may be excluded if its probative
> value **is** substantially outweighed by the danger of unfair prejudice,
> confusion of the issues, or misleading the jury, or by considerations of
> undue delay, waste of time, or needless presentation of cumulative
> evidence.

Fed. R. Evid. 403.

As we understand it, we are asked to consider the relevance, prejudicial impact
and admissibility of evidence of separate allegations of misfeasance as well as
separate workplace discrimination claims brought against the PHRC by other
individuals in other factual settings in this retaliatory discharge case. Rule 404(b) of
the Federal Rules of Evidence governs the admissibility of such other acts evidence
and provides, in part, as follows:

**Crimes, Wrongs, or Other Acts.**

> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).

Thus, by its terms Rule 404(b) prohibits the use of other act evidence to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Instead, under the rule this other acts evidence may be admitted only when it is probative proof of such factors as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The Third Circuit has directed district courts to apply a four-part test in order to determine whether to admit evidence under Rule 404(b): (1) the evidence must have a proper purpose; (2) the evidence must be relevant; (3) the probative value of the evidence must outweigh its potential for unfair prejudice; and (4) if the evidence is permitted, the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted. United States v. Rahamin, 168 F. App'x 512, 519 (3d Cir.2006) (citing United States v. Cruz, 326 F.3d 392, 395 (3d Cir.2003); see also United States v. Sampson, 980 F.2d 883, 888 (3d Cir.1992).

Against these principles, and consistent with our previous analysis in consideration of whether to compel production of this evidence, such evidence is not relevant to Cooper's claim of retaliation in this case. While the plaintiff argues this motion is overly broad, we construe the defendant's motion as requesting the exclusion of the three primary evidentiary issues upon which we previously ruled in our October 6th, 2022 memorandum: ten years' worth of records relating to other EEO complaints against the PHRC,[1] demands for copies of various speakers' contracts, and a diversity agreement relating to the Reading School District.[2] (Doc. 57). In the memorandum ruling on the motion to compel, we held:

> [T]he defendant's disclosure of information identifying other EEO complaints made against the PHRC during the five-year timeframe embraced by Cooper's complaint was both relevant and proportional to the needs of the parties. Determining the temporal scope of discovery rests in the sound discretion of the court. See McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 193 (M.D. Pa. 2011). Here the scope of the defendant's disclosures parallels the timeframe set forth in the

---

[1] The PHRC provided a spreadsheet including claims encompassing the five-year period which forms the basis of Cooper's complaint.

[2] To clarify, the plaintiff's motion to compel requested eight discovery documents that it considered outstanding at the time of its motion. It appeared from the parties opposing briefs that several of these issues had been resolved. Thus, in our memorandum we addressed what we construed as the only remaining issues, the demand or disclosure of ten years' worth of records relating to other EEO complaints against the PHRC, demands for copies of various speakers' contracts, and a diversity agreement relating to the Reading School District. Accordingly, we consider this to be the only evidence at issue in the instant motion *in limine*.

complaint, and in our view provides Cooper with adequate discovery to pursue any claims of a pattern of related EEO violations by the defendant. Therefore, we will limit the scope of these disclosures to the pertinent time period set forth by Cooper in his complaint and will not compel the production of a decade's worth of information. See R.D. v. Shohola Camp Ground & Resort, No. 3:16-CV-1056, 2017 WL 1550034, at *2 (M.D. Pa. May 1, 2017).

As for Cooper's requests for various speakers' contracts and the Reading School District diversity agreement, beyond Cooper's generalized concern regarding misuse of public funds at the PHRC we are unable to discern what relevance these documents have to the specific claims made by Cooper in this case. Therefore, the motion to compel production of this information will be denied.

(Doc. 57, at 5-6)

In our view, the defendant asks us to exclude testimony or reference to the evidence we already ruled is not relevant to the plaintiff's claims and is beyond the scope necessary for the plaintiff to pursue his claim. The plaintiff has provided no compelling argument, based upon the same evidentiary principles upon which we ruled in the previous motion to compel, which would cause us to reevaluate our findings. Should the plaintiff have some offer of proof tending to show the relevance and admissibility of such evidence, our order shall not preclude him from presenting such offer of proof at trial. Accordingly, the defendant's motion *in limine* shall be granted without prejudice to the plaintiff presenting some specific and narrowly-

tailored offer of proof as to the relevance and admissibility of specific evidence at

trial.

     An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JELANI T. COOPER,** | : | **Civil No. 1:19-CV-2230** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA HUMAN** | : | |
| **RELATIONS COMMISSION** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, with respect to the Plaintiff's Motion *In Limine* which seeks the exclusion of any testimony related to the information requested in the plaintiff's motion to compel, (Doc. 87), IT IS ORDERED that the motion is GRANTED, without prejudice to the plaintiff presenting some specific and narrowly-tailored offer of proof as to the relevance and admissibility of specific evidence at trial. IT IS FURTHER ORDERED that the plaintiff's pleadings, styled as Motions in Opposition to this motion *in limine* (Docs. 91, 95), are DENIED.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

Dated:   August 16, 2022.

10