IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JELANI T. COOPER,** : | Civil No. 1:19-CV-2230 |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA HUMAN** : | |
| **RELATIONS COMMISSION** : | |
| : | |
| **Defendant.** : | |

## MEMORANDUM OPINION AND ORDER

### I.     Factual Background

This workplace discrimination case has been lodged against the Pennsylvania Human Relations Commission (PHRC) by an attorney formerly employed by that agency, Jelani Cooper. In his complaint Cooper asserts that his termination from the Commission in 2019 by the current PHRC executive director, Chad Dion Lassiter, was in retaliation for Cooper's complaints that the PHRC failed to comply with the terms of a previously settled EEOC complaint of race discrimination brought by Mr. Cooper. In opposition to Cooper's claim of discrimination, the PHRC argues Cooper was fired for multiple IT violations, including the February 20, 2019 email and other subsequent emails in which the plaintiff referred to the executive director as

1

"unhinged" and the PHRC as a "mini-mafia." They also allege he was terminated for sending an inappropriate picture to his personal email address from his Commonwealth email address.

This case is scheduled for trial on September 12, 2022. As the trial approaches, on September 1, 2022, the PHRC filed a motion to quash a subpoena served by the plaintiff on one prospective witness, Martin Cunningham. (Doc. 111). In this motion the HRC alleges that Cunningham was served via email on August 8, 2022.[1] According to the defendant:

> During the time leading up to and including Cooper's termination, Cunningham served as PHRC's Interim Chief Counsel. One of the roles of PHRC's Chief Counsel is to act as in-house counsel to PHRC's management regarding personnel decisions. Thus, any information Cunningham may have regarding the reasons for Cooper's termination is protected by attorney-client privilege. Rule 45(d)(3)(A)(iii) allows a subpoena to be quashed when it "requires disclosure of privileged or other protected matter."

(Doc. 111 at ¶ 2).

Accordingly, the defendant seeks to quash this subpoena.

While the belated timing of this motion to quash, which was filed little more

---

[1] We pause to note a small curiosity. Although the subpoena was allegedly served on August 8, 2022, this concern regarding a subpoena which arguably violates attorney-client privilege was not brought to our attention during the pre-trial conference held three weeks later, on August 29, 2022. We urge all counsel to feel free to timely notify us of pending legal issues and concerns.

than one week before trial, presents burdens for all, in order to ensure thorough and thoughtful consideration of this question of privilege, we will deny the request to quash the subpoena at this time, but will direct the plaintiff to make an offer of proof regarding what relevant non-privileged information he wishes to elicit from this witness before the witness may be called at trial. Armed with this information, we can then make a more fully informed decision regarding whether, and to what extent, this subpoena should be quashed.

**II.     Discussion**

Federal trial subpoena practice is governed by Rule 45 of the Federal Rules of Civil Procedure which confers broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. In this regard, it is well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. R.J. Reynolds Tobacco v. Philip Morris Inc, 29 F. App'x 880, 881 (3d Cir. 2002).

This broad discretion is guided by certain general principles. At the outset, the court's evaluation of a motion to quash a Rule 45 subpoena is governed by shifting burdens of proof and persuasion. Accordingly, "the subpoenaing party bears the initial burden to establish the relevance of the material sought, and then the burden

shifts to the subpoenaed party to demonstrate that the subpoena seeks privileged or otherwise protected material under Rule 45." L.W. v. Lackawanna Cty., Pa., No. 3:14CV1610, 2015 WL 1499865, at *1 (M.D. Pa. Apr. 1, 2015) (citing In re Domestic Drywall Antitrust Litig., 300 F.R.D. 234 (E.D. Pa. 2014)). Further, Rule 45 specifically recognizes and protects privileged information from disclosure. Thus, "Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure states that upon a timely motion, the 'court must quash or modify a subpoena that requires the disclosure of privileged or other protected matter, if no exception or waiver applies.' " Knepp v. United Stone Veneer, LLC., No. CIV.A. 4:06-CV-1018, 2007 WL 4437225, at *1 (M.D. Pa. Dec. 14, 2007).

These legal tenets guide us in our consideration of this motion to quash. As we understand it, concerns regarding disclosure of privileged communications have inspired this motion to quash. Asserting that Mr. Cunningham, who served as the PHRC's in-house counsel at the time of the events alleged in this case, possesses no relevant, non-privileged information, the PHRC seeks to quash this subpoena. While the PHRC urges us to quash the subpoena it also seemingly acknowledges that the determination of this issue necessarily requires consideration of the underlying facts in this case, including: (1) the extent to which the proposed testimony promises to focus on central factual issues, rather than peripheral concerns; (2) the availability

of the information from other sources, viewed with an eye toward avoiding cumulative or duplicative discovery; and (3) the harm to the party's representational rights resulting from the attorney's testimony. <u>Frazier v. Se. Pennsylvania Transp. Auth.</u>, 161 F.R.D. 309, 313 (E.D. Pa. 1995). Currently none of these facts are before us. Thus, we are invited to address this question in a factual void, where we are uninformed regarding what relevant, non-privileged information the plaintiff anticipates eliciting from this witness.

    Given the fact-bound nature of the issues presented by this motion, and our lack of any information from the plaintiff regarding the proposed testimony of this witness, we cannot address this issue definitively in the abstract. Instead, the question of whether, and to what degree, proposed testimony of an agency attorney intrudes upon matters that are cloaked in privilege must be examined in the factual context of the case—and at this time we have been provided no context in which to weigh whether this subpoena should be quashed. Accordingly, in order to ensure thorough and thoughtful consideration of these questions of relevance and privilege, we will deny the request to quash the subpoena at this time, but will direct the plaintiff to make an offer of proof regarding what relevant non-privileged information he wishes to elicit from this witness before the witness may be called at trial.

An appropriate order follows.

DATED: September 7, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JELANI T. COOPER,** | : | Civil No. 1:19-CV-2230 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA HUMAN** | : | |
| **RELATIONS COMMISSION** | : | |
| | : | |
| **Defendant.** | : | |

# ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the Plaintiff's Motion to Quash the subpoena served upon Agency Counsel Martin Cunningham (Doc. 111), is DENIED in part and DEFERRED in part in that we deny the request to quash the subpoena at this time, but direct the plaintiff to make an offer of proof on or before **September 9, 2022** regarding what relevant non-privileged information he wishes to elicit from this witness before the witness may be called at trial.

                                               */s/ Martin C. Carlson*
                                               Martin C. Carlson
                                               United States Magistrate Judge

Dated:   September 7, 2022.